## COURT OF CHANCERY, Dec. 11, 1846.

### Spottiswoode v. Clark.

On a bill filed to restrain the defendant from selling a work alleged to be a fraudulent imitation of the complainant's publication; *held*, it not being entirely clear that the complainant had a legal right; and the defendant undertaking to keep an account; that the injunction ought not to be retained. (10 London Jurist Rep. 1043.)

The plaintiff in this case was the owner of a publication called " The Pictorial Almanack," for 1847, the price of which was 6*d.* ; the defendant of one called " Old Moore's Family Pictorial Almanack," for the same year, the price of which was 3*d.* The plaintiff alleged that the defendant's work was a piracy on his publication, and filed a bill accordingly for an injunction. With regard to the substance and internal portion of the two works, there was little or no resemblance ; but the covers were, to a certain extent, similar, both being decorated with a pictorial representation of the Observatory at Greenwich, and in the title, as printed on the cover, making use of nearly the same expressions. The plaintiff alleged that this imitation was intentional, and done with a view to deceive the public, and to injure him, the plaintiff. This was denied by the defendant. The Vice-Chancellor of England granted an injunction *ex parte*, to restrain the defendant " from selling any almanacks bound in paper wrappers or covers, or other wrappers or covers with the title ' Pictorial Almanack' printed thereon, or having any other title printed thereon, so as, by colorable representation or otherwise, to represent the almanacks printed and sold by the defendant to be the same as those printed and sold by the plaintiff for the year 1847." An application to dissolve this injunction having been refused by the Vice-Chancellor, the case now came, by way of appeal, before the Lord Chancellor.

*Stuart* and *Moore*, for the defendant, the appealing party.

*Anderdon* and *Hallett*, for the plaintiff, in support of the decision of the Vice-Chancellor.

In the course of the argument, the following cases were cited :—*Millington* v. *Fox*, (3 Mylne & C. 338 ;) *Bramwell* v. *Halcomb*, (id. 737 ;) *Knott* v. *Morgan*, (2 Keen, 213 ;) *Gout* v. *Aleploglu*, cited in a note to *Perry* v. *Truefitt*, (6 Beav. 69 :) *Croft* v. *Day*, (7 Beav. 84.)

THE LORD CHANCELLOR, (without calling for a reply.)—These cases depend so much on their own circumstances, that all that the court can do is to lay down principles under which such cases may fall. I have before this had occasion to express an opinion, that, unless the case be very clear, it is the duty of the court to see that the legal right is ascertained, before it exercises its equitable jurisdiction. For this there are good reasons : the title to relief depends on a legal right, and the court only exercises its jurisdiction on the ground that that legal right is established. One objection to granting an injunction in the first instance is, that it promotes after-litigation : the order either grants an injunction, and compels the plaintiff to bring his action, or suspends the injunction, with liberty to the plaintiff to bring an action. If you compel him to go to a court of law, you promote litigation, and this course is forced upon parties at a time when their feelings are deeply engaged in prosecuting their imaginary rights. There is also another objection, which is, that the court expresses a strong opinion, (and it ought to be a strong opinion,) and then sends the right to be tried : I think it better that the court should abstain from expressing such an opinion. But, after all, the chief objection is, that the court runs the risk of doing the greatest possible injustice. Consider what would be the result in the present case. If this publication is not permitted to be issued within the next month, the principal sale will be lost. This is clear—it is an almanack for 1847 ; and therefore, to restrain the defendant till, perhaps after the spring assizes, what use would it then be to him if he was found to be in the right. You would take money out of his pocket, and give it to nobody, and at the same time a great and irremediable injustice might be committed. If, on the other hand, the injunction is suspended, the defendant may make profits ; but if he is in the wrong, they will not be for himself, but for the plaintiff. Unless, then, the case is so clear, that there can be no reasonable doubt with regard to the legal right, it is better that the court should not exercise its equitable jurisdiction till the legal right is ascertained. As to the particular facts of this case : first, I throw out of consideration all that has been said about trade marks, as instanced in the cases of the articles of steel and blacking. With regard to steel, it can only be judged

by external and well known marks ; and, therefore, to impress marks of the same kind, is to practice a deception on the public, and is consequently a fraud. So, also, in the case of blacking and other articles, where the eye does not aid the purchaser, and the mark is the only test that can be applied. In the present instance, if anybody is deceived, it is not by the eye, for anything more different than the two articles in question can hardly be conceived. The substance—the internal portion—is not alluded to. If, however, the parties separately sat down down to invent a wrapper, there is certainly a remarkable coincidence in what they have produced. Both covers represent a portion of Greenwich Observatory, and profess the work to be for all sorts of persons. It is difficult to believe that this is all accidental; but if it is a fraud, it is the most clumsy fraud that ever I saw, for it could deceive no one. I only refer to this, in order to show that I am not so satisfied that the plaintiff has a legal right, that I will restrain the defendant till he (the plaintiff) establishes his legal right. The case, therefore, falls under the principle on which, in other cases, I have before acted ; and I shall dissolve the injunction, the defendant undertaking to keep an account; with liberty for the plaintiff to bring an action.